**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**SHREVEPORT DIVISION**

UNITED STATES OF AMERICA                CRIMINAL NO. 06-50127-01/02

VERSUS                                              JUDGE S. MAURICE HICKS, JR

WALLACE L. EDWARDS                        MAGISTRATE JUDGE HORNSBY
MICHAEL K. WILLIAMS

**MEMORANDUM ORDER**

Before the Court is the Government's Motion to Revoke Order of Release [Doc. No. 23]. Following a detention hearing of August 1, 2006, the Magistrate Judge issued an order authorizing the release of defendants Edwards and Williams subject to the posting of a bond. The Government sought and obtained a stay of that release order. The Government now seeks to have the release order revoked. For the reasons which follow, the Government's motion is **GRANTED.**

**FACTUAL BACKGROUND**

Defendants Edwards and Williams are charged as co-conspirators with conspiracy to possess with the intent to distribute over 5 kilograms of cocaine powder and conspiracy to possess with intent to distribute over 50 grams of crack cocaine. These counts carry a penalty of ten years to life. Defendant Edwards is also charged with a count of distribution of over 5 grams of crack cocaine. Defendant Williams is also charged with five additional counts of distribution of cocaine and one additional count of possession with the intent to distribute over 50 grams of crack.

**LAW AND ANALYSIS**

Pursuant to 18 U.S.C. § 3145, a District Judge revisions a decision regarding pretrial detention made aby a Magistrate judge *de novo*. United States v. Fortna, 769 F.2d 243,

249 (5th Cir. 1985). When undertaking such a *de novo* review, the District Court makes an independent determination of whether pretrial detention is appropriate and of any conditions of release. Id. at 249-50.

The Bail Reform Act of 1984, 18 U.S.c. § 3141, *et seq.*, establishes the legal framework which the Court must apply in making pretrial detention determinations. Under the Bail Reform Act, a defendant must be released pending trial "unless the judicial officer determines that such release will not reasonably assure the appearance of the person as required or will endanger the safety of any other person or the community." 18 U.S.C. § 3142(b). If there is probably cause to believe that the defendant violated a provision of the Controlled Substances Act, 21 U.S.C. §§ 801, *et seq.*, for which a maximum term of imprisonment of at least ten years is prescribed, then there is a rebuttable presumption that "no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of the community . . . ." 18 U.S.C. § 3142(e); United States v. Reuben, 974 F.2d 580, 586 (5th Cir. 1992). This presumption shifts the burden of production, not the burden of persuasion, from the Government to the defendant. Reuben, 974 F.2d at 586. On the other hand, a defendant's "mere production of evidence does not completely rebut the presumption. Id. The Court "may still consider the finding by Congress that drug offenders pose a special risk of flight and dangerousness to society." Id. (*citing* US v. Hare, 873 F.2d 796, 798 (5th Cir. 1989)).

In making its ultimate determination, the Court is required to consider the following factors:

(1) The nature and circumstances of the offense charged, including whether the offense is a crime of violence, or an offense listed in section 2332b(g)(5)(B) for which a maximum term of imprisonment of 10 years or more is prescribed or involves a narcotic drug;

(2) the weight of the evidence against the person;

(3) the history and characteristics of the person, including–

   (A) the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings; and

   (B) whether, at the time of the current offense or arrest, the person was on probation, on parole, or on other release pending trial, sentencing, appeal, or completion of sentence for an offense under Federal, State, or local law; and

(4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release. In considering the conditions of release described in subsection (c)(1)(B)(xi) or (c)(1)(B)(xii) of this section, the judicial officer may upon his own motion, or shall upon the motion of the Government, conduct an inquiry into the source of the property to be designated for potential forfeiture or offered as collateral to secure a bond, and shall decline to accept the designation, or the use as collateral, of property that, because of its source, will not reasonably assure the appearance of the person as required.

18 U.S.C. § 3142(g).

## FINDINGS OF FACT AND REASONS FOR DETENTION

The Court finds that defendants Edwards and Williams are charged with an offense listed in section 2332b(g)(5)(B) for which a maximum term of imprisonment of 10 years or more is prescribed. The Court also finds that the defendants are charged with an offense which involves a narcotic drug. Given the amount of drugs involved and the weight of the evidence against the them, the defendants have failed to rebut the presumption that no condition or combination of conditions would reasonably assure the safety of the community.

Therefore:

**IT IS ORDERED** that the Government's motion to revoke the order of the release [Doc. No. 23] is hereby **GRANTED;**

**IT IS FURTHER ORDERED** that the defendants, WALLACE L. EDWARDS and MICHAEL K. WILLIAMS, be committed to the custody of the Attorney General for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal;

**IT IS FURTHER ORDERED** that the defendants, WALLACE L. EDWARDS and MICHAEL K. WILLIAMS, be afforded reasonable opportunity for private consultation with counsel; and

**IT IS FURTHER ORDERED** that on order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility in which the defendants are confined deliver the defendants to a United States marshal for the purpose of an appearance in connection with a court proceeding.

**THUS DONE AND SIGNED** in Shreveport, Louisiana, this 17th day of August, 2006.

_____
S. MAURICE HICKS, JR.
UNITED STATES DISTRICT JUDGE