UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL ACTION NO. 06-50127-01 |
| VERSUS | JUDGE S. MAURICE HICKS, JR |
| WALLACE EDWARDS | MAGISTRATE JUDGE HORNSBY |

**MEMORANDUM RULING**

Before the Court is the "Government's Motion to Dismiss Jacqueline Edward's Petition to Claim Forfeited Money." (Record Document 99). The Court finds that Mrs. Edwards has not met the filing requirements of 21 U.S.C. § 853(n)(3) because she failed to sign her claim under the penalty of perjury as required by the statute. Additionally, she failed to provide sufficient detail regarding the nature and extent of her right, title, or interest in the forfeited property and the time and circumstances of her acquisition of the right, title, or interest in the forfeited property. Accordingly, the Government's motion to dismiss is **GRANTED.**

I.      **FACTUAL AND PROCEDURAL BACKGROUND.**

On September 27, 2006, the defendant, Wallace L. Edwards, entered into a plea agreement with the United States. (Record Documents 62-63). The defendant pleaded guilty to Count 1 of the Indictment, which charged conspiracy to possess with the intent to distribute 5 kilograms or more of a mixture and substance containing a detectable amount of cocain hydrochloride, also known as powder cocaine, all in violation of Title 21, United States Code, Section 841(a)(1) and 846. (Record Documents 42, 62-63). The defendant also pleaded guilty to Count 15 of the Indictment, which is a forfeiture count pursuant to Title 21, United States Code, Section 853. (Id.).

On April 3, 2007, this Court entered a preliminary order which forfeited the defendant's interest in $19,969 to the United States. (Record Document 92). In the Preliminary Order of Forfeiture, the Court ordered that any party claiming to have an interest in the subject property must comply with Section 853(n)(3) by "[filing] a petition with the Court within thirty (30) days of the final publication of notice or of receipt of actual notice, whichever is earlier." (Id., ¶ 3). Further, the Court specifically ordered that any petition filed by a third party "shall be signed by the petitioner under penalty of perjury, and shall set forth the nature and extent of the petitioner's right, title or interest in the forfeited property and any additional facts supporting petitioner's claim and the relief sought." (Id.).

On May 30, 2007, Mrs. Edwards timely filed a Petition to Claim Forfeited Money. (Record Document 97). The petition stated: "The $19,969 in United States currency that was seized from Defendant, WALLACE EDWARDS, came from our business, Wallace Edwards Welding Repair, which we owned." (Id.).

On June 29, 2007, the Government filed the instant motion to dismiss, arguing that the petition filed by Jacqueline Edwards failed to satisfy the filing requirements set forth in 21 U.S.C. § 853(n)(3). (Record Document 99).

## II.   LAW AND ANALYSIS.

Title 21, United States Code, Section § 853(n)(3), which guides the Court in ruling on the instant motion to dismiss, provides:

> The petition shall be signed by the petitioner under the penalty of perjury and shall set forth the nature and extent of the petitioner's right, title, or interest in the property, the time and circumstances of the petitioner's acquisition of the right, title, or interest in the property, any additional facts supporting the petitioner's claim, and the relief sought.

The Government contends that the petition should be dismissed because Mrs. Edwards failed to sign her claim under the penalty of perjury. Because courts have strictly enforced this requirement in various types of forfeiture proceedings in order to discourage false or frivolous claims, the Court agrees. See United States v. BCCI Holdings (Lux.) S.A. (Fifth Round Petition of Liquidation Comm'n for BCCI (Overseas) Macau), 980 F. Supp. 1, 1 (D.D.C. 1997) (petition that is not signed under penalty of perjury and fails to identify claimant's interest in the asset does not comply with section 18 U.S.C. § 1963(1)(3)[1]); United States v. BCCI Holdings (Lux.) S.A. (Petition of BCCI Campaign Committee), 980 F. Supp. 16, 21 (D.D.C. 1997) (petition dismissed because not signed under penalty of perjury); United States v. Commodity Account No. 549 54930, 219 F.3d 595, 597 (7th Cir. 2000) ("Verification forces the claimant to place himself at risk of perjury for false claims, and the requirement of oath or affirmation is not a mere technical requirement that we easily excuse."); United States v. $2,857.00, 754 F.2d 208, 213 (7th Cir. 1985) (dismissed claim not verified on oath or solemn affirmation).

The Government also challenges whether the statement in Mrs. Edward's petition that the subject property was acquired by the business, Wallace Edwards Welding Repair, satisfies the filing requirement of Section 853(n)(3). The Government contends the "conclusory statement provides no details concerning the circumstances of acquisition and does little more than assert ownership of the property." (Record Document 99 at 3-4). Not only does Mrs. Edward's petition leaves numerous factual questions unanswered, it fails to specify her legal interest in the subject property. Because there is ample case law

---

[1] 18 U.S.C. § 1963(1)(3) is the RICO counterpart to 21 U.S.C. § 853(n)(3).

supporting the principle that a third party claim under Section 853(n)(3) that fails to provide sufficient detail regarding the nature of the petitioner's interest may be dismissed for failure to comply with the statute's filing requirements, the Court finds that there is more than a sufficient basis for dismissing the petition.  See United States v. BCCI Holding (Luxembourg), S.A., 916 F. Supp. 1276, 1282 (D.D.C. 1996) (stating that "if a third party fails to allege in its petition all elements necessary for recovery . . ., the court may dismiss the petition without providing a hearing); United States v. Lindow, 98-CR244 (N.D.N.Y. Sept. 21, 2001) (denying Petitioner's claim and stating that "Petitioner must provide more information in order to meet the requirements of [21 U.S.C. § 853(n)]. It is well settled that bare allegations of legal title without more do not establish a claim.); United States v. Pegg, No. 00-16145 (11th Cir. June 6, 2001) (upholding dismissal of petition for failure to allege sufficient facts concerning the nature and extent of ownership interest). Simply put, the law requires more than a bare assertion of legal title to establish the nature and extent of petitioner's right, title or interest in the subject property.

### III.   CONCLUSION.

Based on the foregoing, the Court finds that Jacqueline Edwards has not met the filing requirements provided in 21 U.S.C. § 853(n)(3).  The third party petition was not signed under penalty of perjury, nor did it sufficiently state the nature and extent of the petitioner's right, title or interest in the forfeited property, the time and circumstances of the petitioner's acquisition of the right, title, or interest in the property, or any additional facts supporting the petitioner's claim.

Accordingly, the Government's motion to dismiss is **GRANTED.**

**THUS DONE AND SIGNED**, in Shreveport, Louisiana, this 20th day of July, 2007.

_____
S. MAURICE HICKS, JR.
UNITED STATES DISTRICT JUDGE